The Commercial Savings Bank ("bank") appeals the Jackson County Court of Common Pleas' judgment in favor the City of Jackson ("city"). The bank asserts that the court erred as matter of law in determining that the city was not bound by mayor's receipt of an assignment notification. Because the notification signed by the city's mayor proves that the city received notice of the assignment, we agree. Accordingly, we reverse the judgment of the trial court.
 I.
In March 1993, LH Water and Storage Tank Division, Water Consultants and Associates ("LH"), by its general manager — owner, submitted a bid to the city to paint the Apple Water Tower. On April 4, 1993, LH's bid in the amount of $49,500 was accepted on behalf of the city.
In order to finance its work on this project, LH obtained a loan from the bank. To secure its loan, the bank took an assignment of LR's accounts receivable from the city. On May 12, 1993, the mayor of the city executed an acknowledgement of the assignment on behalf of the city in favor of the bank. The acknowledgement indicated that the city should make all payments for the project via checks jointly payable to the bank and LH.
LH failed to meet the targeted completion date of September 20, 1993 for the job. On December 22, 1993, the city entered into a new agreement with LH that modified the original contract by changing the job's completion date, permitting the city to receive $8,000 to hold in escrow, and quantifying the city's liquidated damages in the event that LH did not complete the project by the new completion date. The work to be performed under this agreement was for the exact same work and in the exact same amount as LH's original contract with the city. No one from the city or LH ever advised the bank that the December 22, 1993 contract had been signed.
LH completed the painting of the Apple Water Tower prior to the new contract deadline. The city paid LH a total of $34,549.82 for its work on the project. The city paid this amount with various checks issued on May 19, 1994, June 13, 1994 and June 20, 1994. These checks were not issued as joint checks with the bank and LH as payees; rather, they were issued in the name of LH and its materialmen or subcontractors as joint payees. The city never advised the bank that the project was completed or that checks were being issued but not being made payable jointly to the bank and LH as required by the assignment.
On April 26, 1996, the city found a copy of the assignment and acknowledgement in the contract file for this project. This assignment, which the mayor acknowledged on behalf of the city, had been misplaced and was not found until the day the mayor and the Safety Service Director were being deposed.
LH never forwarded any of the proceeds obtained from this project to the bank in satisfaction of its obligation, which remains unpaid. Elwood Lephart, a.k.a. Water Consultants and Associates, a.k.a. LH Water and Storage Tank Division, subsequently filed for bankruptcy and its debt to the bank was discharged.
The bank filed a complaint against the city seeking to recover on the acknowledgement of. assignment that the city's mayor had signed. Both the bank and the city filed motions for summary judgment. The trial court granted the city's motion on the ground that the new contract between the city and LH nullified the assignment to the bank. In Commercial Sav. Bank v. Jackson (Oct. 6, 1997), Jackson App. No. 97CA798, unreported, this court reversed and found as a matter of law that the bank retained corresponding rights under the reformed contract. We remanded the case for further consideration given the bank's continued assignment rights under the reformed contract.
The bank re-filed its motion for summary judgment, asserting that it was entitled to the amount of the payments erroneously made solely to LH. The city filed a motion contra, asserting that it was not bound by the assignment because its mayor did not possess the authority to execute the acknowledgement of assignment.
On April 13, 1999, the trial court denied the bank's motion for summary judgment, finding that genuine issues of material fact existed. However, no trial was scheduled and the trial court accepted no new evidence, instead proceeding upon the joint stipulations agreed to by the parties prior to their original motions for summary judgment. On February 18, 2000, the trial court granted judgment in favor of the city on the basis that the mayor lacked authority to execute the acknowledgment of assignment on behalf of the city.
The bank appeals, and asserts the following assignments of error:
 I. The Trial Court erred in its Decision Order of April 13, 1999 by overruling [the bank's] Motion for Summary Judgment filed March 1, 1999 and not granting [the bank] a judgment against the City of Jackson as a matter of law.
 II. The Trial Court erred in its Decision Order of February 18, 2000 by ordering judgment in favor of the city of Jackson and determining that the Mayor of the City of Jackson needed but did not have legislative authority to acknowledge the Assignment in favor of [the bank] of the funds owed by the City to LH Water.
 III.
In its first assignment of error, the bank contends that the trial court erred in failing to grant summary judgment in its favor. However, the denial of a motion for summary judgment does not constitute proper grounds for an appeal. See R.C. 2505.02;Bean v. Metro. Property Liab. Co. (1990), 68 Ohio App.3d 732. Accordingly, we overrule the bank's first assignment of error.
 IV.
In its second assignment of error, the bank asserts that the trial court erred as a matter of law in determining that its notification of assignment to the city was ineffective based upon the mayor's lack of legislative authority to acknowledge the assignment. Specifically, the bank asserts that the act of acknowledging an assignment is not the equivalent of signing a contract, and therefore the mayor did not need legislative authority to acknowledge the assignment. The bank contends that, pursuant to R.C. 1309.37 (C), as long as the city received notification of the assignment, the notification effectively bound the city.
The city argues, and the trial court found, that the acknowledgement of assignment signed by the mayor constitutes a contract. The city and the bank agree that the mayor was not authorized to bind the city to any contractual obligation absent a grant of authority to do so.
The acknowledgement of assignment signed by the mayor in this case read as follows:
 TO: The Commercial Savings Bank 118 5. Sandusky Ave., P.O. Box 90 Upper Sandusky, OH 43351
 FOR VALUE RECEIVED, I (WE) LH Water Storage Tank Division, Water Consultants Associates ASSIGN TO YOU, INVOICE # 5520 IN THE AMOUNT OF $49,500.00 DATED April 29, 1993 AS SECURITY FOR A LOAN TN FAVOR OF The Commercial Savings Bank IN THE AMOUNT OF $44,550.00 forty-four thousand-five-hundred-fifty dollars only
* * *
 THIS ASSIGNMENT SHALL OPERATE AS SECURITY FOR PAYMENT OF ANY DEBTS OR LIABILITIES OF THE UNDERSIGNED TO YOU NOW IN EXISTENCE.
 BY: /s/ E.F. Lephart GENERAL MANAGER — OWNER
* * *
 WE, The City of Jackson, Ohio FOR AND IN CONSIDERATION OF THE EXTENSION OF CREDIT TO LH Water Storage Tank Div., Water Consultants Associates WILL IRREVOCABLY AGREE TO FORWARD PAYMENT TO The Commercial Savings Bank, 118 S. Sandusky Ave., P.O. Box 90, Upper Sandusky, OH 43351, THE PROCEEDS OF THE INVOICE # 5520 IN THE AMOUNT OF $49,500.00 DATED April 29, 1993, IN FAVOR OF LH Water Storage Tank Div. — Water Consultants Associates. THE CHECK WILL BE A JOINT CHECK PAYABLE TO The Commercial Savings Bank and LH Water Storage Tank Div., Water Consultants 
Associates. THE UNDERSIGNED HEREBY ACKNOWLEDGES THE BANK HAS RELIED UPON THE ACCEPTANCE OF ASSIGNMENT IN THE EXTENSION OF CREDIT TO LH Water Storage Tank Div., Water Consultants Associates.
* * *
 BY: /s/ John T. Evans Title Mayor DATE: May 12, 1993
Under the city's contract with LH, the city was the party who owed a debt, or the account debtor. R.C. 1309.37 (C) provides:
 The account debtor is authorized to pay the assignor until the account debtor receives notification that the amount due or to become due has been assigned and that payment is to be made to the assignee. A notification which does not reasonably identify the rights assigned is ineffective. If requested by the account debtor, the assignee must seasonably furnish reasonable proof that the assignment has been made and unless he does so the account debtor may pay the assignor.
The Ohio Supreme Court has construed R.C. 1309.37 and determined that an assignment effectively gives a secured assignee collection rights so long as the notification sets forth (1) that the account has been assigned; (2) that payment is to be made directly to the secured assignee; and (3) a reasonable identification of the rights assigned. Surety Sav. Loan Co. v.Kanzig (1978), 53 Ohio St.2d 108, syllabus; S. Floridabanc Sav.Assn. v. Prof. Tnv. of America (1991), 77 Ohio App.3d 435. The statute does not provide the account debtor with the right to refuse or reject an assignment. Rather, it provides the secured assignee with collection rights upon effective notification of an assignment. Surety Sav. Loan at syllabus.
Payments made by an account debtor after the account debtor has received sufficient notice of an assignment violate the assignment, "thus subjecting the account debtor to liability to the assignee for the payments made to the assignor." First Bankof Marietta v. Roslovic Partners, Inc. (1999), 86 Ohio St.3d 116, syllabus. A person or organization has "notice" of a fact when he has actual knowledge, when he has received notification, or when he has reason to know of the fact based upon the facts and circumstances known to him. R.C. 1301.01 (Y). Further, a person or organization "receives" a notification whenever it is delivered to any place "held out by him as the place for receipt of such communications." R.C. 1301.01 (Z) (2). Finally, R.C.1301.01(AA) provides that a notification received by an organization is effective from the time when it would have been brought to the attention of the individual conducting the transaction "if the organization had exercised due diligence." Due diligence requires an individual to communicate information within the organization if "he has reason to know of the transaction and that the transaction would be materially affected by the information." R.C. 1301.01(AA).
In this case, the acknowledgement of assignment signed by the mayor properly sets forth that the account owed to LH was assigned to the bank, directs the city to pay the bank by joint check, and identifies the right assigned. The mayor received this information on the city's behalf. Therefore, pursuant to R.C.1309.37 (C), the mayor, on behalf of the city, received a proper notification of the assignment before the city paid LH. Although the language of the acknowledgement of assignment states that the city "agrees" to issue payment via a joint check to LH and the bank, no such agreement was necessary to render the city responsible for following the terms of the assignment. Rather, as long as the acknowledgement of assignment provided the city with proper notification pursuant to R.C. 1309.37 (C), the city had a duty to honor the assignment. See First Bank of Marietta, supra.
Accordingly, we find that the trial court erred when it determined that the acknowledgement of assignment was ineffective based upon the mayor's lack of authority to enter into contracts on the city's behalf. The acknowledgement of assignment served as a proper notification pursuant to R.C. 1309.37 (C) as a matter of law. The city received that notification at its place of business and through an individual who possessed reason to know of its importance to the relevant transaction. Thus, the city violated the assignment and subjected itself to liability to the bank for those payments that the city should have made jointly to LH and the bank.
Accordingly, we sustain the bank's second assignment of error. We reverse the judgment of the trial court and remand this case for the trial court to enter judgment in favor of the bank.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
__________________ Roger Kline, Judge