DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, KRK, Inc.,[1] appeal from the judgment of the Lorain County Court of Common Pleas. This Court reverses.
 I. {¶ 2} This case arises out of the sale of a business by Appellants to Appellees, Gary Crone, Jr., and Randall S. Crone. On May 18, 2003, the parties entered into a written agreement ("Purchase Agreement") whereby Appellants agreed to sell and Appellees agreed to purchase Appellants' business known as Habits Wine Shop. The Purchase Agreement provides that Appellees pay a portion of the purchase price for the business through the execution of a promissory note in the amount of $130,750.00. Section 4.03(b) of the Purchase Agreement states that Appellees shall secure insurance equal to the value of the balance of the promissory note payable to Appellants upon any event causing the business to be inoperable.
 {¶ 3} As part of the Purchase Agreement, the parties entered into a Security Agreement on September 22, 2003, which secured Appellees' obligations under the Promissory Note. Section 4(e) of the Security Agreement provides in pertinent part:
"Debtor will insure the collateral with such companies, in such amounts and against such risks as Creditor deems acceptable, and Debtor will maintain insurance as required as set forth within the Agreement for Purchase of Business dated May 18, 2003 between the parties[.] * * * Each policy of insurance shall name Creditor as a loss payee as its interest appears and shall provide fornot less than 30 days prior written notice to Creditor of thecancellation of or any material reduction in coverage provided bythe policy." (Emphasis added).
Appellants claim that Appellees are in default of Section 4(e) because one of the two policies Appellees took out, the life insurance policy, did not contain the 30-day written notice provision.
 {¶ 4} Appellants filed suit on June 29, 2004 to enforce this provision. They initially asserted six claims against Appellees, but later dismissed four of the claims. The remaining claims included (1) a claim for breach of the Security and Purchase Agreements and (2) an action for attorney fees. Appellees filed a motion for summary judgment on August 2, 2005. In turn, Appellants filed a motion for partial summary judgment and a brief in opposition to Appellees' summary judgment motion. The trial court granted Appellees' motion and denied Appellants' motion on October 26, 2005. Appellants timely appealed from the trial court's judgment, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF [APPELLANTS] WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR [APPELLEES.]"
 {¶ 5} In their first assignment of error, Appellants assert that the trial court erred in granting summary judgment in favor of Appellees. We agree.
 {¶ 6} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} Appellants first contend that the trial court erred in granting summary judgment on a basis not raised in Appellees' motion for summary judgment. They contend that the trial court relied on the provision of the Purchase Agreement that stated that Appellants had failed to avail themselves of the opportunity to obtain an insurance policy pursuant to Section 4(e) of the Purchase Agreement prior to declaring Appellees in default. Appellants contend that Appellees did not raise this provision in their summary judgment motion. They contend that if Appellees had raised this issue or if the trial court had given the parties the opportunity to address this issue, then Appellants would have proffered affidavits establishing that they attempted to arrange for the purchase of such a policy.
 {¶ 9} Appellees do not dispute that they did not raise this argument in their summary judgment motion, but rather contend that this provision was discussed in pre-trial proceedings. They also argue that "[t]he very fact that appellants have never acquired other collateral insurance demonstrated the fact that the Debtors/Appellees have maintained satisfactory insurance."
 {¶ 10} The trial court found that there was "no dispute that Defendants attempted to acquire a policy which would provide the notice component that Plaintiffs' desired; nevertheless they were unable to do so." The court then cited the following portion of Section 4(e) of the Security Agreement:
"If Debtor fails to maintain satisfactory insurance, Creditor as Debtor's agent may obtain such insurance or obtain insurance covering only Creditor's interest; if Creditor elects to do either, Debtor shall repay upon demand all amounts Creditor so expends[.]"
The trial court found this provision dispositive of the case, specifically stating that:
"Defendants provided Plaintiffs with a power of attorney which would have enabled Plaintiffs to acquire the insurance policy they wished and pursuant to Section 4(e) Plaintiffs could then have demanded that Defendants pay the costs associated with coverage. No such demand was ever made upon Defendants."
 {¶ 11} We find error in the trial court's reliance on this provision. A careful review of Appellees' summary judgment motion reveals that Appellees did not raise this specific provision in their summary judgment motion. The Ohio Supreme Court has held that "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus. Accordingly, "the trial court should, under most circumstances, restrict its ruling to those matters raised and argued by the parties in the motion for summary judgment."Tackett v. Columbia Energy Group Serv. Corp. (Nov. 20, 2001), 10th Dist. No. 01AP-89, at *3, citing Ferro Corp. v. Blaw KnoxFood Chem. Equip. Co. (1997), 121 Ohio App.3d 434, 443.
 {¶ 12} The parties' alleged discussion of this provision during a pre-trial proceeding does not meet the Supreme Court's requirement that the moving party must set forth and argue its basis for moving for summary judgment in its motion. Moreover, the fact that Appellants did not acquire other collateral insurance does not necessarily indicate (1) that Appellants did not attempt to acquire collateral insurance for Appellees or (2) that Appellees maintained satisfactory insurance.
 {¶ 13} Had Appellees raised this issue in their summary judgment motion or the trial court asked the parties to brief this issue, then Appellants would have had the opportunity to establish whether they attempted to purchase insurance for Appellees. We find the trial court committed reversible error by granting summary judgment in favor of Appellees on a ground neither raised nor argued by Appellees in their summary judgment motion. See Tackett, supra, at *3; Ferro Corp.,121 Ohio App.3d at 443. Accordingly, Appellants' first assignment of error is sustained.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF [APPELLANTS] WHEN IT DENIED [APPELLANTS'] MOTION FOR PARTIAL SUMMARY JUDGMENT [.]"
 {¶ 14} In Appellants' second assignment of error they contend that the trial court erred in denying their motion for partial summary judgment.[2] We disagree.
 {¶ 15} Appellants had the initial burden to set forth the basis of their motion. Dresher, 75 Ohio St.3d at 292-93. In their motion, Appellants argued that their affidavits demonstrated that there were no genuine issues of material fact regarding Appellees' noncompliance with Section 4(e) of the Security Agreement and that they were entitled to judgment as a matter of law on their claims for (1) breach of the Security and Purchase Agreements and (2) for attorney fees.
 {¶ 16} Appellants attached the affidavit of Roger Kyer, an owner of KRK, Inc., to their motion for partial summary judgment. Mr. Kyer testified that the life insurance policies Appellees took out to satisfy Section 4(e) of the Security Agreement "didnot contain the required language of Section 4(e) providing us with 30 days written notice of cancellation or material change." (Emphasis sic). In contrast, in Gary Crone's affidavit, which Appellees filed in response to Appellants' motion for partial summary judgment, he testified that under the life insurance policies "the Kyers will be notified 30 days prior to a policy lapse."
 {¶ 17} Upon review of the parties' affidavits, we find that a genuine issue of material fact remains regarding Appellees' compliance with this provision of the Security Agreement. As Appellants' claim for attorney fees required a default under the Purchase Agreement and we find a genuine issue of material fact remains regarding Appellees' default, we need not address the issue of Appellants' entitlement to attorney fees. Consequently, we find no error in the trial court's decision to deny Appellants' partial summary judgment motion.
 {¶ 18} Appellants' second assignment of error is overruled.
 III. {¶ 19} Appellants' first assignment of error is sustained. Appellants' second assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is reversed in part and affirmed in part and remanded for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Whitmore, P.J. Boyle, J. concur.
[1] The named Appellants are Roger and Karen Kyer who own KRK, Inc.
[2] Although, ordinarily, a denial of a motion for summary judgment is not a final appealable order, where, as here, the matter is submitted upon cross-motion and a final judgment was entered against Appellants, this Court properly may review the denial of the cross-motion. See Cincinnati Ins. Co. v. Thompson Ward Leasing Co., 158 Ohio App.3d 369, 2004-Ohio-3972, at ¶14.