### International Refractory Services Corp.
### v.
### Woodmen of the World Life Insurance Society
*[Cite as 5 AOA 217]*

*Case No. 89CA004664*
*Lorain County, (9th)*
*Decided July 11, 1990*

*John Keyse Walker, Attorney at Law, 400 Lorain County Bank Bldg., Elyria, OH 44035, for Plaintiff.*

*James N. Taylor, Attorney at Law, 904 Lorain County Bank Bldg., Elyria, OH 44035, for Defendants.*

BAIRD, J.

This cause comes before the court upon the appeal of Elyria Foundry Company from the trial court's judgment for International Refractory Service Corporation in a foreclosure action. We reverse.

Elyria Foundry contracted with Sutherland and Associates to clean and rebuild a normalizing furnace on a lot that it leased from a benevolent society. Sutherland subcontracted with International Refractory, which provided labor and services to Sutherland in its work on the furnace. International Refractory completed the work and billed Sutherland for $21,723.75. Sutherland paid International Refractory the following amounts:

| | |
|---|---|
| 10/24/86 | $5,000 |
| 11/10/86 | 2,500 |
| 5/22/87 | 1,000 |
| 6/08/87 | 2,000 |
| 7/10/87 | 3,000 |

Because Sutherland's payments did not satisfy the debt it owed to International Refractory, the subcontractor filed for a mechanics lien. In the mechanic's lien affidavit, International Refractory described certain property upon which Elyria Foundry operated. The work on the normalizing furnace, however, occurred on a lot that was not described in the affidavit and was situated across the street from the lots detailed in the affidavit.

Pursuant to a bench trial, the lower court determined that, although the affidavit described the wrong parcel of land, the parcel upon which the work was done and the parcel named in the affidavit were used for a common purpose and thus the "misdescription" did not render the mechanic's lien fatally defective. The court determined that the lien was valid and the international Refractory was owed $11,215.40.

#### ASSIGNMENT OF ERROR

"I. The trial court errored [sic] in its interpretation and/or application of the Ohio Mechanic's Lien Law Statutes, O.R.C. Sections 1311.011 et seq. by holding a valid mechanics

[sic] lien existed where appellee described the wrong parcel of land in its lien and said wrongly described parcel had no work or labor performed upon it nor materials delivered to it."

The practical effect of the trial court's decision is that it allowed a lien on property that was not the property upon which the improvement giving rise to the debt took place. We cannot sanction this result.

The appellant asserts, "[t]o foreclose upon a lot where no work was performed or material furnished defeats the purpose of the Ohio Mechanic's Lien Law.5 We agree. The statute is primarily designed to protect the wage earner, materialman, and contractor whose work, goods, and skills create the structure to which the lien attaches. *Wayne Bldg. & Loan Co. v. Yarborough* (1967), 11 Ohio St. 2d 195, 217. The statute is also designed to assure the party contracting for improvements that, so long as he complies in good faith with its provision, he will be able to construct a specific improvement on his property for a given contract price. 53 American Jurisprudence 2d (1970) 522, Mechanics' Liens, Section 6.

Once a mechanic's lien arises, the statute is to be liberally construed to effectuate its purpose. *Wayne Bldg. & Loan Co. v. Yarborough, supra* at 218. A lien arises from the date the first labor, material, or fuel is furnished on the construction. *Id.* at 217. The affidavit that is required to be filed. under R.C. 1311.06 is part of the proceedings to perfect the lien. *Id.* Though liberal principles of construction generally apply, once a lien has arisen, those principles are not applicable in regard to the procedure for perfecting the lien. The mechanic's lien law confers a right in derogation of common law, and thus all steps set forth in the statute to perfect a lien must be followed. In that respect the law has to be strictly construed and applied. *Talco Capital Corp. v. Comm.* (1974),, 41 Ohio App. 2d 171, 175.

R.C. 1311.06(A) requires that 9a description of the property to be charged with the lien be included in the affidavit. An incorrect description of the property that is the subject of a mechanic's lien generally vitiates that lien. *Flauto v. Kovach* (Ct. App. 1928), 6 Ohio Law Abs. 476. In *Marlatt v. Hascall* (C.P. 1902), 13 Ohio Dec. 364, the trial court found that a lien was invalid as to two-and-one-half acres of land that was near, but not contiguous to, the land where the improvements were made. The two-and-one-half acre lot was used as a water supply to the hotel that was the subject of the construction contract. The tract of land upon which the hotel was built and the two-and-one-half acre tract of land were separated by a narrow strip of land that was not owned by the hotel. *Marlatt v. Kascall, supra,* stands for the proposition that a mechanic's lien for materials and labor in constructing a particular building extends only to the parcel or lot of land upon which the building stands an,d will not attach to noncontiguous land separated from such parcel.

Courts in other jurisdictions have held that where there is a positive or unambiguous description of the wrong property and not of the property to which the lien may properly attach, the description is insufficient-to create or preserve a lien. *Smith Pipe & Steel Co. v. Mead* (1981), 130 Aris. 150, 634 P.2d 962 (lien that contained legal description of parcel adjacent to parcel upon which the improvements were made rendered lien invalid); *Sequatchie Concrete Ser., Inc. v. Cutter Labs.* (Tenn Ct. App. 1980), 616 S.W. 2d 162 (lien containing erroneous property description of parking lot on plant facilities instead of a description of the lot where plant improvements were made was held to be unenforceable); *Banco Mortg. Co. v. E.G. Miller Enterprises, Inc.* (Minn. 1978) 264 N.W. 2d 399 (where mechanic's lien contained precise description of adjoining, unimproved property in subdivision, such an unambiguous, erroneous description was fatal to the enforceability of the lien); *Lumber Mart Co. v. L.L. Buchanan* (Wash. 1966), 419 P.2d 1002 (lien for construction materials furnished describing three tracts of land adjacent to the one where construction took place and failing to describe improved tract was invalid).

International Refractory successfully argued to the trial court that, because the lots named in its affidavit were being used for a common purpose -- the operation of the foundry -- the lien should extend to these properties even though the work on the furnace occurred on a different lot within the foundry complex. The subcontractor bases its argument upon *Choteau, Merle & Sandford v. Thompson & Campbell* (1853), 2 Ohio St. 114. In that case, one contractor claimed a lien on two lots for work it did on an oil well that was located partially on lot twenty-two and for work it did on a corn mill that was located on lots twenty-two and twenty-three. Another contractor claimed that it also had a lien on the two lots for the work it did on flouring and meal mills that were constructed on lots twenty-two and twenty-three. While the main issue of the case involved the priority of the liens, the court did state that where the buildings and machinery are located on two lots, the lien ex-

tends to both lots even though the actual work was only performed on the part of the building located on one of the lots. *Choteau, Merle & Sandford, supra* at 124.

Unlike the contractors in *Choteau, Merle & Sandford, supra,* International Refractory repaired a furnace that was situated only upon one lot. The lots that International Refractory named in its affidavit were located across a public street from where the furnace was located. The subcontractor did not perform any work upon the lots listed in the affidavit. We accept the Supreme Court's holding that if a building is situated on two contiguous lots and work is done on part of the building that is on one of the lots, the lien can attach to both of the lots upon which the building is located. We decline to extend this principle to cover a situation where a lien is filed on lots upon which no work was performed but which happened to be used by the business that contracted for the work to be performed on a completely different noncontiguous lot. Such a result would pervert the purpose of the Ohio Mechanic's Lien Law, which is to allow one who improves a particular structure, and thus improves the land upon which it stands, to be able to extract from that land the value of the improvement. Appellant's first assignments of error is well taken.

### ASSIGNMENT OF ERROR

"II. The trial court improperly computed the alleged damages by failing to account for all payments made by plaintiff-appellees general contractor."

Pursuant to App. R. 12, we now turn to the appellant's second assignment of error concerning the trial court's computation of damages. Both appellee and appellant agree that the trial court improperly calculated the amount of damages. Thus, the appellant's assignment of error is sustained, and, were it not for our disposition of the previous assignment of error, this case would be remanded to the trial court solely for a recalculation of the amount of damages. Since both assignments of error are well taken, the judgment of the trial court is reversed and the case remanded for proceedings consistent with this opinion.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.

Immediately upon the filing hereof this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

*Judgment reversed and cause remanded.*

QUILLIN, P.J., and CACIOPPO, J., concur.