BEAN, Admr., Appellant,

v.

METROPOLITAN PROPERTY & LIABILITY
INSURANCE COMPANY, Appellee.

[Cite as *Bean v. Metro. Property & Liability Ins. Co.* (1990), 68 Ohio App.3d 732.]

Court of Appeals of Ohio,
Summit County.

No. 14466.

Decided Oct. 17, 1990.

*Stan B. Schneiderman, Joseph W. Gibson* and *Lawrence Landskroner,* for appellant.

*Bruce P. Mandel,* for appellee.

CACIOPPO, Judge.

This appeal arises from the grant of summary judgment in favor of appellee, Metropolitan Property and Liability Insurance Company ("Metropolitan").

On July 11, 1983, Floyd Bean was shot to death as he lay sleeping in bed. Floyd's wife, Mary Bean, was indicted for aggravated murder, with a firearm specification, in Floyd's death. On August 16, 1983, Mary entered pleas of not guilty and not guilty by reason of insanity. She subsequently withdrew her pleas and entered a plea of guilty to the lesser included offense of voluntary manslaughter on December 21, 1983.

On December 29, 1983, Mary Bean was sentenced to an indefinite prison term of ten to twenty-five years. She committed suicide the next day.

On December 20, 1983, Donald L. Bean, the administrator of Floyd Bean's estate, instituted an action for wrongful death against Mary Bean, Security Connecticut Life Insurance Company ("Security") and Metropolitan. The complaint alleged that the acts of Mary Bean were negligent and/or wanton and/or intentional and/or willful.

The claims against Security were settled. On May 21, 1985, counsel for Donald Bean and the estate of Mary Bean stipulated to the following:

"4. The death of Floyd H. Bean was a direct, proximate result of the actions of Mary Evelyn Bean.

"5. Mary Evelyn Bean pled guilty to voluntary manslaughter for having caused the death of Floyd H. Bean.

"6. As a result of the actions of Mary Evelyn Bean, Floyd H. Bean died * * * *."

The case proceeded to a jury trial. On May 24, 1985, the jury rendered a verdict in favor of Donald Bean against Mary Bean's estate in the amount of $99,171.88 and judgment was entered accordingly.

When the judgment went unsatisfied, Donald Bean instituted a supplemental action against Metropolitan on August 6, 1987, pursuant to R.C. 3929.06. Floyd and Mary Bean were insured under a homeowner's policy issued by Metropolitan at the time of Floyd's death. The trial court granted summary judgment in favor of Metropolitan on a bad faith claim but overruled their motion on claims relative to insurance coverage.

Metropolitan appealed and Donald Bean cross-appealed to the Ninth District Court of Appeals. This court affirmed the trial court's decision granting summary judgment in favor of Metropolitan on the bad faith claim, and held that the trial court's overruling of the summary judgment motion on the other claims was not a final appealable order. The case was remanded to the trial court.

On October 18, 1989, Metropolitan filed a motion for summary judgment. Donald Bean filed a memorandum in opposition and a cross-motion for summary judgment. The trial court granted summary judgment in favor of Metropolitan and overruled Bean's cross-motion on January 25, 1990.

Metropolitan appeals and Donald Bean cross-appeals.

### Assignment of Error I

"The trial court erred in sustaining defendant-appellee's motion for summary judgment based on *Howell v. Richardson*—A determination relative

to the culpable mental state of the tortfeasor was never made in the wrongful death trial. Thus may be litigated in a supplemental petition proceeding against the insurer."

Appellant Donald Bean argues that no determination was made of Mary Bean's mental capacity, thereby rendering the decision in *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 544 N.E.2d 878, inapplicable to the case at bar.

In *Howell, supra,* the Ohio Supreme Court held that collateral estoppel precludes relitigation of a determination in a supplemental proceeding brought against his insurer pursuant to R.C. 3929.06 where a determination was made in an action instituted against the tortfeasor relative to his culpable mental state.[1] We are unpersuaded by appellant's contention because the record in the wrongful death action clearly indicates that a determination of Mary Bean's mental capacity at the time of the shooting was made.

Counsel for Donald Bean and for the estate of Mary Bean entered into stipulations which were filed with the court and included in the jury instructions. The stipulation was an admission, agreement or concession made in a judicial proceeding that Mary Bean pled guilty to voluntary manslaughter. The stipulation relieved the parties from presenting evidence regarding liability in the wrongful death action. Donald Bean is bound by what he has stipulated. *Morelock v. NCR Corp.* (C.A. 6, 1978), 586 F.2d 1096, 1107. Although Bean claims that the trial court improperly used the guilty plea as conclusive proof of Mary Bean's intention or expectation to injure, a review of the record indicates otherwise. Appellant's stipulations as well as the evidence presented in the wrongful death action determined Mary Bean's mental state. The thrust of appellant's case was that Mary Bean intended or expected to injure her husband when she shot him.

Mary Bean was convicted of voluntary manslaughter which is defined as:

"No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another. * * * " R.C. 2903.03(A).

The culpable mental state of knowingly is defined as:

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain

---

1. As corrected in *Grange Mut. Cas. Co. v. Uhrin* (1990), 49 Ohio St.3d 162, 550 N.E.2d 950.

nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist. * * * " R.C. 2901.22(B).

The Committee Comment to H.B. No. 511 further explains the element of knowledge as an awareness of the probability that one's conduct will cause a certain result or be of a certain nature * * *. Something is "probable" when there is more reason for expectation or belief than not. *Id.*

Metropolitan's policy specifically excludes from coverage "bodily injury * * * which is either expected or intended from the standpoint of the insured."

Since the evidence in the wrongful death action indicated that Mary Bean was aware that her conduct would have probably injured her husband, the trial court properly found that coverage was excluded under the policy.

Summary judgment is appropriate when it is demonstrated that there is no genuine issue as to any material fact; that the moving party is entitled to judgment as a matter of law; and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

Construing the evidence most strongly in favor of appellant, reasonable minds could come to but one conclusion that a determination was made in the wrongful death action as to Mary Bean's mental state at the time of the shooting.

The first assignment of error is overruled.

### Assignment of Error II

"The trial court erred in overruling the motion of the plaintiff for summary judgment."

The denial of a motion for summary judgment is not a final appealable order pursuant to R.C. 2505.02. *State, ex rel. Overmeyer, v. Walinski* (1966), 8 Ohio St.2d 23, 37 O.O.2d 358, 222 N.E.2d 312. Therefore, an appellant is precluded from seeking appellate review of such a denial until the opposing party is granted summary judgment disposing of all the parties and claims in the case (absent Civ.R. 54[B] language), or the case is tried, and a final resolution made. The Ohio Supreme Court has held that a denial of a motion for summary judgment is reviewable on appeal from a subsequent adverse

final judgment. *Balson v. Dodds* (1980), 62 Ohio St.2d 287, 16 O.O.3d 329, 405 N.E.2d 293, paragraph one of the syllabus. Therefore, we will now turn to appellant's argument.

Donald Bean claims that Metropolitan failed to present evidence as to Mary Bean's mental state and that Metropolitan did not permit him to present evidence as to Bean's mental state in the wrongful death action, thereby waiving the right to determine Bean's mental state in the supplemental proceeding. We addressed this issue in the preceding assignment of error.

We found that appellant's stipulations and the evidence presented in the wrongful death action determined Mary Bean's mental capacity at the time of the shooting. The trial court properly overruled appellant's motion for summary judgment. The second assignment of error is overruled.

### Cross–Assignment of Error

"The trial court erred in denying Metropolitan's first motion for summary judgment on the first and second claims in the supplemental petition where the insured pleaded guilty to and was convicted of voluntary manslaughter and the insurance policy excluded coverage for 'expected or intended' acts."

Based on our disposition of the assignments of error, we need not address the cross-assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and CIRIGLIANO, J., concur.