Decision and Journal Entry
{¶ 1} Appellant, Sharon E. Collings, appeals from the judgment of the Lorain County Court of Common Pleas that granted summary judgment in favor of Appellees, Midwestern Indemnity Company and Indiana Insurance Company. We affirm.
 I. {¶ 2} Ms. Collings brought the present action seeking a declaration that she is entitled to uninsured or underinsured motorist ("UM/UIM") coverage under a comprehensive general liability policy ("Policy") issued by Appellees.[1] Subsequently, Ms. Collings amended her complaint and added Aetna Life Casualty Company ("Aetna") as a defendant. Ms. Collings, Appellees, and Aetna separately moved for summary judgment. The trial court granted the motions for summary judgment of Appellees and Aetna, and denied Ms. Collings' motion for summary judgment. Ms. Collings timely appeals and raises two assignments of error for review.
 II. A. First Assignment of Error
"[THE] [T]rial [C]ourt Erred In Denying [Ms. Collings'] [M]otion For [S]ummary [J]udgment Because [Ms. Collings] Is Entitled To The UM[/UIM] Coverage Which Is Available By Operation Of Law From * * * Appellees."
 {¶ 3} In her first assignment of error, Ms. Collings alleges that the trial court erroneously denied her motion for summary judgment because she has demonstrated her entitlement to UM/UIM coverage. As this court lacks jurisdiction to review the trial court's denial of Ms. Collings' motion for summary judgment, we need not address this assignment of error.
 {¶ 4} The Ohio Constitution restricts an appellate court's jurisdiction to the review of final judgments of lower courts. Section3(B)(2), Article IV, Ohio Constitution. A judgment is final and appealable if it satisfies one of the five categories set forth in R.C.2505.02(B) and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v. KentState Univ. (1989), 44 Ohio St.3d 86, 88. See, also, Ferraro v. B.F.Goodrich, Co. 149 Ohio App.3d 301, 2002-Ohio-4398, at ¶ 13-15 (discussing that an order disposing of fewer than all claims may be final and appealable if it contains the proper Civ.R. 54(B) language). R.C.2505.02(B)(1) states that a final order is one "that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" Generally, a trial court's denial of a motion for summary judgment is not a final and appealable order. Fraternal Order ofPolice, Akron Lodge No. 7 v. Akron, 9th Dist. No. 20646, 2002-Ohio-2649, at ¶ 5; Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90; State,ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23, 23. A denial of a motion for summary judgment neither determines an action nor prevents a judgment; therefore, it generally does not constitute a final order in accordance with R.C. 2505.02. Nayman v. Kilbane (1982), 1 Ohio St.3d 269,271; Balson v. Dodds (1980), 62 Ohio St.2d 287, 289. Unless an exception to the general rule applies, such as an order made in a special proceeding, the order is not final and appealable. See Celebrezze,51 Ohio St.3d at 90; R.C. 2505.02(B)(2). See, also, Saum v. Holbrook, 5th Dist. No. 01CA91, 2002-Ohio-1666, at ¶ 6. As an exception to the general rule does not apply in the instant case, the portion of the trial court's judgment denying Ms. Collings' motion for summary judgment is not final and appealable. Consequently, we do not have jurisdiction to decide the merits of this assignment of error.
 B. Second Assignment of Error
"The [T]rial [C]ourt Erred By Granting * * * Appellees' [M]otion For [S]ummary [J]udgment And Finding That Exclusions To Coverage Contained In The General Liability Policy Apply To The UM[/UIM] Coverage Available To [Ms. Collings] By Operation Of Law."
 {¶ 5} In her second assignment of error, Ms. Collings avers that the trial court erroneously granted summary judgment in favor of Appellees. We disagree.
 {¶ 6} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180, citing Tylerv. Kelley (1994), 98 Ohio App.3d 444, 446.
 {¶ 8} In the instant case, the trial court granted Appellees' motion for summary judgment on the basis that Ms. Collings failed to promptly notify Appellees of the accident, and that this failure resulted in prejudice to Appellees.
 {¶ 9} The Ohio Supreme Court has developed an analysis for cases involving an alleged breach of a prompt-notice condition. See Ferrandov. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217, at ¶ 89-90. Specifically, the Ohio Supreme Court has held that "[w]hen an insurer's denial of [uninsured or] underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice." Id. at paragraph one of the syllabus. Furthermore, "[a]n insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary." Id. See, also, Ruby v.Midwestern Indemn. Co. (1988), 40 Ohio St.3d 159, 161. Accordingly, the determination as to whether a breach of the prompt-notice provision relieves the insurer of its obligation to provide UM/UIM coverage involves a two-step process. Ferrando at ¶ 89. The court must first determine whether the insurer did not receive reasonable notice, thereby resulting in a breach of the provision. Id. at ¶ 90. "A provision in an insurance policy requiring `prompt' notice to the insurer requires notice within a reasonable time in light of all the surrounding facts and circumstances." Ruby, 40 Ohio St.3d 159 at syllabus.
 {¶ 10} If the court has determined that a breach of the prompt-notice provision occurred, it must then determine whether the insurer suffered prejudice such that UM/UIM coverage must be forfeited.Ferrando at ¶ 89. A presumption arises that the unreasonable delay was prejudicial to the insurer. Id. at ¶ 90; Ruby,40 Ohio St.3d at 161. Nevertheless, this presumption may be rebutted by the insured with evidence demonstrating the contrary. Ferrando at ¶ 90; Ruby,40 Ohio St.3d at 161.
 {¶ 11} In this case, Ms. Collings gave Appellees notice of the accident approximately 15 years after the accident occurred, and more than 14 years after she received compensation from the tortfeasor. Ms. Collings suggests that as the UM/UIM coverage arose by operation of law rather than by a contractual relationship, no notice provision existed.
 {¶ 12} We find Ms. Collings' suggestion that the notice provision is non-existent when UM/UIM coverage arises by operation of law rather than contractually unpersuasive. When UM/UIM coverage arises by operation of law, the notice provision does not simply evaporate. Kearney v. ValsiCleaners, 9th Dist. No. 02CA0111-M, 2003-Ohio-3506, at ¶ 10. In particular, "a general, predicative condition for coverage in a policy of liability insurance, such as a notice provision, applies to UM/UIM coverage imposed by law for the benefit of the insured to the same extent that it applies under the policy's terms for liability coverage[.]"Luckenbill v. Midwestern Indemn. Co. (2001), 143 Ohio App.3d 501, 507. See, also, Lintner v. Midwestern Indemn. Co., 12th Dist. No. CA2002-04-077, 2002-Ohio-5609, at ¶ 41-45 (determining that the insured needed to comply with the notice provision of the policy when UM/UIM coverage arose by operation of law, and that the trial court properly granted the insurer's motion for summary judgment on the basis that the insureds failed to comply with the notice provision). Therefore, regardless of how Ms. Collings' UM/UIM coverage materialized, she was still required to provide notice to Appellees within a reasonable period of time. See Luckenbill, 143 Ohio App.3d at 507; Lintner at ¶ 41-45. See, also, Alexander v. Erie Ins. Co., 9th Dist. No. 21505,2003-Ohio-4785, at ¶ 9. As such, Ms. Collings' nearly 15-year delay was unreasonable and amounted to a breach of Appellees' prompt-notice provision. See Smith v. Liberty Mut. Ins. Co., 9th Dist. No. 21311,2003-Ohio-3160, at ¶ 63; Hammock v. Cincinnati Ins. Co., 1st Dist. No. C-020783, 2003-Ohio-5090, at ¶ 36.
 {¶ 13} As Ms. Collings breached the prompt-notice provision, a presumption arose that Appellees were prejudiced by the delay and resulting breach, absent evidence to the contrary. See Ferrando at ¶ 90; Ruby, 40 Ohio St.3d at 161. After a thorough review of the record, we find that Ms. Collings has failed to demonstrate that the material breach of the prompt-notice provision was not prejudicial and, therefore, she has not rebutted the presumption of prejudice.
 {¶ 14} In light of the foregoing, we conclude that Appellees were entitled to judgment as a matter of law because Ms. Collings breached the prompt-notice provision and failed to rebut the presumption of prejudice. Accordingly, the trial court properly granted summary judgment to Appellees on the basis that Ms. Collings violated the prompt-notice provision, thereby resulting in prejudice to Appellees. Ms. Collings' second assignment of error is overruled.
 III. {¶ 15} Ms. Collings' first assignment of error is not addressed, and her second assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
CARR, P. J., WHITMORE, J. CONCUR.
[1] We note that Ms. Collings also named Liberty Mutual Group as a defendant in her complaint; however, she later voluntarily dismissed this party from the action.