[Cite as *Rootstown Excavating, Inc. v. Smith*, 2011-Ohio-6415.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ROOTSTOWN EXCAVATING, INC.

    Appellant

    v.

KAREN EDWARDS SMITH, TRUSTEE
OF THE SMITH FAMILY TRUST, et al.

    Appellees

C.A. No.     25457

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2007-02-1489

DECISION AND JOURNAL ENTRY

Dated: December 14, 2011

MOORE, Judge.

{¶1} Appellant, Rootstown Excavating, Inc., appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On April 21, 2005, Appellant Rootstown Excavating, Inc., entered into a contract with The Smith Family Trust (the "Trust") to perform improvements to a 12.5-acre site in the City of Hudson, Summit County, Ohio. The Trust subdivided the site into twenty-two separate parcels, nineteen of which were intended to be sold to builders or individuals as residential lots. Rootstown was to perform certain improvements to the land, such as excavation, clearing, and installation of sewers and waterlines along the planned roads of the subdivision.

{¶3} Rootstown first began working on the site on May 26, 2005. In December 2005, the Trust sold Sublot No. 2 to Appellee Glenmoore Builders, Inc. Glenmoore constructed a model home on the property. Subsequently, a dispute arose between the City of Hudson and the

Trust.  As a result, Rootstown's work was temporarily suspended.  It averred that it was unable to complete its work until November 1, 2006.

{¶4}  The Trust failed to pay Rootstown in full for services, material and labor furnished to the site, pursuant to the terms of the contract.  Consequently, on January 3, 2007, Rootstown executed an affidavit to obtain a mechanic's lien.  The lien was served upon the Trust and Glenmoore.  On February 27, 2007, Rootstown filed a motion for partial summary judgment requesting that the trial court determine the validity of the mechanic's lien, and the right to foreclose upon Sublot No. 2.  On that same day, Glenmoore filed a cross-motion for summary judgment asking the trial court to find that Rootstown's lien was not valid as to Sublot No. 2.

{¶5}  On April 10, 2009, the trial court determined that Rootstown's lien against Sublot No. 2 was not valid because it was not filed within 60 days of Rootstown's last work on the site.  As a result, the trial court denied Rootstown's motion for partial summary judgment, and granted Glenmoore's motion for summary judgment.  The order did not contain Civ.R. 54(B) language, and the trial court denied Rootstown's motion for a nunc pro tunc entry with such language.  On May 24, 2010, the trial court issued a final order and decree in foreclosure that found Rootstown's lien to be valid against the remaining sublots.

{¶6}  Rootstown timely filed a notice of appeal and raises three assignments of error for our review.  We will address them out of order to facilitate our review.

II.

## ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED IN HOLDING THAT ROOTSTOWN'S LIEN WAS INVALID BECAUSE THE AFFIDAVIT WAS NOT RECORDED WITHIN 60 DAYS OF ROOTSTOWN'S LAST DATE OF WORK ON THE PROPERTY."

## ASSIGNMENT OF ERROR III

"THE TRIAL COURT LIKEWISE ERRED IN GRANTING GLENMOORE'S MOTION FOR SUMMARY JUDGMENT."

{¶7}    In its first assignment of error, Rootstown argues that the trial court erred in holding that its lien was invalid because the affidavit was not recorded within 60 days of its last work on the property. Because of this, it further argues in the third assignment of error that the trial court erred in granting Glenmoore's motion for summary judgment. We do not agree.

{¶8}    We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. "Pursuant to Civ.R. 56(C), summary judgment is appropriately rendered when '(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" *Turner v. Turner* (1993), 67 Ohio St.3d 337, 339-340, quoting *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327. On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issues of material fact exist. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. Id. at 293.

{¶9}    Both parties agree that the last date of work in relation to the residential project was November 1, 2006, and that this work did not occur on the Glenmoore property. The affidavit to obtain a mechanic's lien was filed January 3, 2007, sixty-three days after the last date of work. As such, if the affidavit was required to be filed within 60 days, it would be untimely. In its motion for summary judgment, and its reply to Rootstown's motion for summary judgment, Glenmoore argued that R.C. 1311.06(B)(1) mandated that Rootstown file its lien

within 60 days of its last day of work. Rootstown argued that the affidavit was subject to the 75-day filing requirement because the work performed was not "in connection with a one- or two-family dwelling[.]" See R.C. 1311.06(B)(1)/(3). It contended that the work "was performed pursuant to a commercial contract with the Trust for site improvements to a one-parcel plot of land[.]" It urged the trial court to look at the "nature of the actual work performed by the lien claimant." Rootstown offered no case law to support its view, and instead urged the court to look at the plain meaning of the statute and the legislative intent.

{¶10} R.C. 1311.03 provides that every person who, pursuant to a contract with the owner or holder of another legal interest in real property, provides improvements to roads, drains, or sewers, shall have a lien on the property to secure payment for what he is owed. The lien applies to any current legal interests and any that are subsequently obtained. Notice and recording provisions in R.C. 1311.04, 1311.05, 1311.06 and 1311.07 make the lien binding on the current owner and any others who subsequently acquire an interest in the property. Although liberal principles of construction generally apply to effectuate the purpose of a mechanic's lien, liberal construction does not apply to the procedure for perfecting the lien; all steps set forth in the statute to perfect a lien must be followed and the law must be strictly construed and applied. *Internatl. Refractory Serv. Corp. v. Woodmen of the World Life Ins. Society* (1990), 68 Ohio App.3d 513, 515-516.

{¶11} R.C. 1311.06(B)(1) provides that a mechanic's lien that "arises in connection with a one- or two-family dwelling" shall be filed "within sixty days from the date on which the last labor or work was performed or material was furnished by the person claiming the lien[.]" Otherwise, "[i]f the lien is one not described in division (B)(1) or (2) of this section, [it shall be filed] within seventy-five days[.]" R.C. 1311.06(B)(3). Based on the plain language of the

statute, it is evident that if the materials or labor arise in connection with a one- or two-family dwelling, then the 60-day filing requirement applies. If they do not, the 75-day filing requirement applies.

{¶12} Rootstown's argument is that the lien "did not arise in connection with a one- or two-family dwelling" but instead was related to the "site improvements and utility construction work only, including excavation, embankment work, grading, erosion control, roadway preparation, and installation of water, sanitary and storm sewers along the roadway." It acknowledged that as of the "last date of work on the Site, there did appear to be one residential home being constructed by other contractors. However, Rootstown did not perform any work relating to the construction. The home was constructed as part of a completely separate project, after the Trust sold the sublot to Glenmoore." It argues, therefore, that the trial court erred in determining that the "lien arose in connection with a one[-]family dwelling as contemplated in R.C. 1311.06(B)(1)."

{¶13} The trial court acknowledged that the dispute presented in the parties' cross-motions for summary judgment concerned which deadline applied. It concluded that "[t]he determination of the appropriate deadline rests with the underlying manner in which the lien arises." Because the contract with Rootstown involved preparing the land for residential development, the court concluded that the lien "arose in connection with a one[-]family dwelling as contemplated in R.C. 1311.06(B)(1). We agree.

{¶14} Although not directly on point, we find that *Hardrives Paving & Const., Inc. v. J. Builders, Inc.*, 11th Dist. No. 99-T-0181, is helpful to our analysis. There, the appellant entered into a contract to install a base course and a topcoat of asphalt upon the streets within the residential development. The base course was installed in November 1995, but the topcoat was

delayed. The Appellant resumed work in June 1997, and completed the topcoat on June 14, 1997. There, as here, the mechanic's lien was filed after the lot transaction had been completed and paid for by owners. The trial court concluded that the owners were protected by the "Home Owners Amendment" legislation in R.C. 1311.011. The appellant argued that the provision did not apply because the work was not performed "in connection with a home construction contract or in connection with a dwelling[.]" Id. It argued that its contract "was for an entirely separate work and service, i.e., the construction of roadways, none of which were on any of the lots or property owned by appellees" and as such was "not in connection with a dwelling[.]" Id. The appellees argued that a residential subdivision "without streets is not a subdivision at all and suggest[ed] that the streets are the *sine qua non* of the development." Id. at *2. The Eleventh District concluded that the trial court did not err in granting summary judgment on behalf of the owners. The court recognized that the purpose of the Home Owners Amendment "is to protect a purchaser of residential property who has not received an affidavit of mechanics' lien from having to pay more than his agreed purchase price[.]" Id. The court also emphasized the fact that the appellant "sought to impose a lien upon the lots of each of the appellees under circumstances where they had paid in full prior to notice of any claim of appellant, with whom they had no contractual relationship."

{¶15} Here, Rootstown makes a similar argument. It argues that the work conducted at the site, including clearing, stripping, and excavating the land as well as installing sanitary sewers, storm sewers, and waterlines, was not "in connection with a one- or two-family dwelling." Thus, they contend that they are subject to the 75-day filing requirement to record the lien. Because Sublot No. 2 was purchased by Glenmoore, and a lien was filed against the Trust

and Glenmoore within that time limit, Rootstown wishes to hold Glenmoore accountable for the remainder of the contract price for the entire 12.5-acre site.

{¶16} It is undisputed that Rootstown was hired by the Trust to prepare the land for residential development. Prior to Rootstown beginning work, the Trust subdivided the land into 22 separate parcels, 19 of which were to be sold to builders or individuals as residential lots. Under the contract, Rootstown provided labor, material, and equipment for the development of the lots, including clearing, earthwork and installing utility services, including sewers and waterlines. Rootstown acknowledged that as of the last date of work on the site, "there did appear to be one residential home being constructed by other contractors." We conclude that Rootstown's improvements arose "in connection with a one- or two-family dwelling." It was, therefore, subject to the 60-day filing deadline. See, also, *Mack Industries, Inc. v. Buckeye Diggers, Inc.* (Dec. 10, 1993), 11th Dist. No. 92-L-082, at *1-6. (although not directly at issue, the court noted that the affidavit to obtain a mechanic's lien for agreeing "to supply and install certain pieces of equipment which were to be used in a sewage treatment system," was required to be filed within 60 days.); *D.H. Bowman and Sons, Inc. v. Fraley* (Dec. 27, 1988), 5th Dist. No. 2607, at *3 (sustaining the appellant's assignment of error due, in part, to the assertion that the affidavit for mechanic's lien in relation to "road, curb and sewer installation" was filed more than 60 days after the last work performed).

{¶17} In support of its motion for summary judgment, Glenmoore submitted photos of the residence, as well as the deposition of Jeffrey Petersen, the Rootstown project manager and secretary, where he acknowledges that the photo appears to be a single family residence and the type of home that a family would live in. The affidavit filed to procure the mechanic's lien stated that Rootstown "furnished certain labor, materials, equipment and services in and for

altering, constructing, and improving certain land, buildings, underground utilities, and related structures situated on the land[.]" The evidence demonstrates that the "structure[] situated on the land" was in fact a one- or two-family dwelling. Rootstown failed to proffer any evidence to the contrary. In its merit brief, Rootstown refers to the dwelling as a "single family dwelling." Consequently, there was no genuine issue of material fact, and we conclude that Glenmoore's motion for summary judgment was properly granted.

{¶18} Because we conclude that the lien was subject to a 60-day filing requirement, the trial court did not err in granting Glenmoore's motion for summary judgment. Rootstown's first and third assignments of error are overruled.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN DENYING ROOTSTOWN'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE VALIDITY OF ITS LIEN AND ITS RIGHT TO FORECLOSE UPON SUBLOT NO. 2."

{¶19} In its second assignment of error, Rootstown argues that the trial court erred in denying its motion for partial summary judgment. We do not agree.

{¶20} Ordinarily, the denial of a motion for summary judgment is not a final appealable order. *Nayman v. Kilbane* (1982), 1 Ohio St.3d 269, 271. This Court and other appellate courts, however, have accepted review of a denial of a motion for summary judgment in cases where, as here, the matter was submitted upon cross-motions for summary judgment and a final judgment was entered against the appellant. See *Bean v. Metro Property & Liability Ins. Co.* (1990), 68 Ohio App.3d 732, 736. See, also, *Cincinnati Ins. Co. v. Thompson & Ward Leasing Co.*, 158 Ohio App.3d 369, 2004-Ohio-3972, at ¶14; *Waterfield Financial Corp. v. Gilmer*, 10th Dist. No. 04AP-252, 2005-Ohio-1004, at ¶45, fn.1.

**{¶21}** In *Balson v. Dodds*, the Ohio Supreme Court held that "[a] trial court's denial of a motion for summary judgment is reviewable on appeal by the movant from a subsequent adverse final judgment." *Balson v. Dodds* (1980), 62 Ohio St.2d 287, paragraph one of the syllabus. Ohio courts have accordingly reviewed denials of summary judgment motions when judgment has been entered in favor of the nonmoving party. See *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 156 (concluding that any error by the trial court in denying a motion for summary judgment is either rendered moot or harmless where a subsequent trial on the merits demonstrates that there were indeed material issues of fact supporting judgment in favor of the nonmoving party). In *Whittington,* the Ohio Supreme Court further "recognized that appellate courts have properly reversed denials of summary judgment motions where no intervening trial occurred on the merits of the case, i.e., where cross-motions for summary judgment were filed." *Evans v. Dayton Power and Light Co.*, 4th Dist. No. 03CA763, 2004-Ohio-2183, at ¶16, citing *Whittington*, 71 Ohio St.3d at 158.

**{¶22}** This Court has said that "an appellant is precluded from seeking appellate review of such a denial until the opposing party is granted summary judgment disposing of all the parties and claims in the case (absent Civ.R. 54(B) language), or the case is tried, and a final resolution made." *Bean v. Metro Property & Liability Ins. Co.* (1990), 68 Ohio App.3d 732, 736. Accordingly, we have reviewed the denial of a motion for summary judgment submitted upon cross-motions for summary judgment resulting in a final judgment against the appellant. See *KRK, Inc. v. Krone*, 9th Dist. No. 05CA008835, 2006-Ohio-4415, at ¶14, fn. 2, citing *Cincinnati Ins. Co. v. Thompson & Ward Leasing Co.,* 158 Ohio App.3d 369, 2004-Ohio-3972, at ¶14. See, also, *EI UK Holdings, Inc. v. Cinergy UK, Inc.*, 9th Dist. No. 23216, 2007-Ohio-237, at ¶24.

{¶23} However, in *Collings v. Midwestern Indemnity Co.,* this Court concluded that it lacked jurisdiction to review such a denial because it was not a final order. *Collings v. Midwestern Indemnity Co.*, 9th Dist. No. 03CA008229, 2003-Ohio-5609, at ¶4. In cases like *Collings*, this Court has relied on Ohio Supreme Court cases that did not deal with cross-motions for summary judgment resulting in a final judgment. See *Fraternal Order of Police, Akron Lodge No. 7 v. Akron*, 9th Dist. No. 20646, 2002-Ohio-2649, at ¶5. In the past, this Court has cited *Celebrezze v. Netzley* for the proposition that the denial of a motion for summary judgment is not a final order even if it is submitted upon cross-motions for summary judgment, and a final judgment was entered against the appellant. *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 89. *Celebrezze*, however, reviewed whether a First Amendment interest constituted a "special proceeding" such that the parties need not wait for a "subsequent adverse final judgment" and may instead be permitted an interlocutory appeal of the denial. Id. at 89-93. Where, as here, summary judgment is granted in favor of the nonmoving party, and a final judgment is entered against the appellant, the denial of the appellant's motion for summary judgment may be properly reviewed upon appeal. *Balson*, 62 Ohio St.2d at paragraph one of the syllabus. To the extent that we have declined to address the denial of a motion for summary judgment in such situations, we are departing from that precedent. As such, we will address Rootstown's arguments.

{¶24} In its second assignment of error, Rootstown reiterates its arguments discussed in the first and third assignments of error. Because we have already concluded that the lien was subject to a 60-day filing requirement, the trial court did not err in denying Rootstown's motion for summary judgment. Rootstown's second assignment of error is overruled.

## III.

{¶25} Rootstown's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

CARLA MOORE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR

APPEARANCES:

IAN H. FRANK and NORA E. LOFTUS, Attorneys at Law, for Appellant.

BRADLEY P. TOMAN, Attorney at Law, for Appellee.