Robb, P.J.
*1280 {¶ 1} Plaintiff-Appellant Kirk Excavating & Construction, Inc. appeals the decision of Carroll County Common Pleas Court granting Defendants-Appellees Chesapeake Exploration, LLC; CHK UTICA, LLC; TOTAL E & P USA, INC.; EnerVest Operating, LLC; and Pelican Energy, LLC's motion to dismiss Appellant's second amended complaint for failure to state a claim upon which relief could be granted. Defendant Eric Petroleum also filed a motion to dismiss, which was granted. Appellant however, did not appeal that decision; Appellant admits it is not appealing the dismissal of Eric Petroleum. Consequently, although Eric Petroleum filed a brief in this case, we have no jurisdictional power to address the ruling dismissing Eric Petroleum.
{¶ 2} This case involves a mechanic's lien. Appellant sent an affidavit to the Carroll County Recorder's Office for purposes of perfecting a mechanic's lien against Appellees. The affidavit was returned to Appellant because it allegedly did not comply with R.C. 1311.06. The issue in this case is what does the word "file" mean for purposes of R.C. 1311.06. Appellant contends delivery of the affidavit to the recorder's office constituted filing. Appellant's argument tries to draw a distinction between filing and recording and equates filing with delivery. Appellees assert delivery is not filing and the recorder's office was permitted to refuse the affidavit because the affidavit failed to comply with the requirements in R.C. 1311.06.
{¶ 3} Appellant's arguments fail. Although the statute uses both the word "file" and the word "record," and these words mean two different things, filing requires more than mere delivery. Furthermore, the recording statutes indicate the recorder's office can reject instruments for recording. Thus, the trial court's ruling is correct.
Statement of the Facts and Case
{¶ 4} Appellant claims it was hired to perform oil and gas construction work in Carroll County, Ohio. It was the subcontractor and Defendant RKJ Enterprises, LLC was the general contractor. Appellant asserts Appellees are the "holder and owner of an oil and gas lease and leasehold estate." It claims that from April 21, 2014 through May 12, 2014 it did work for RKJ Enterprises and submitted an invoice for $332,320, which was never paid. Sometime in July 2014, but no later than July 23, 2014, Appellant sent an affidavit for mechanic's lien to the Carroll County Recorder's Office. The recorder's office returned the affidavit stating the legal description of the property appeared to be incorrect and the legal description requires a township name, township number, range number, and section number.
{¶ 5} On December 8, 2014 Appellant's second affidavit for mechanic's lien was *1281 recorded. It is undisputed that this second affidavit was untimely and thus, it did not create a valid lien. Pursuant to R.C. 1311.06 the affidavit for a lien on oil and gas wells under R.C. 1311.021 must be filed for record within 120 days from the date on which the last labor or work was performed. This meant the affidavit was required to be recorded sometime in September 2014. The second affidavit, recorded in December 2014, was clearly recorded beyond the 120 day time limit.
{¶ 6} Appellant filed a complaint against Appellees and Defendant RKJ Enterprises, dba At Your Service and AYS Oilfield, in Franklin County Common Pleas Court in 2014 asserting breach of contract, unjust enrichment, quantum meruit, and foreclosure. The foreclosure count was to enforce the mechanic's lien. The complaint was amended twice.
{¶ 7} The Franklin County Common Pleas Court transferred the matter to Carroll County Common Pleas Court in September 2015. Thereafter, Appellees filed motions to dismiss the second amended complaint for failure to state a claim upon which relief could be granted. As to the foreclosure count, Appellees argued the face of the complaint indicated Appellant did not have a valid mechanic's lien.
{¶ 8} A pretrial was held on November 10, 2015. Appellant agreed to dismiss its claims for breach of contract, unjust enrichment, and quantum meruit against all defendants except RKJ Enterprises. 12/7/15 J.E. Thus, the claim remaining against Appellees was the foreclosure of the mechanic's lien. 12/7/15 J.E. The judgment entry indicated all claims were still pending against Defendant RKJ Enterprises. 12/7/15 J.E.
{¶ 9} On February 6, 2018 the trial court granted Appellees' motion to dismiss. The trial court indicated, given the facts in the complaint, Appellant was required to file an affidavit for record with the Carroll County Recorder's Office by September 12, 2014 to perfect a valid mechanic's lien. 2/6/18 J.E. It explained that although Appellant initially presented an affidavit of mechanic's lien to the Carroll County Recorder's Office on July 23, 2014, the affidavit was properly rejected for failure to provide an accurate legal description of the property to be encumbered by the lien. 2/6/18 J.E. Although the Carroll County Recorder's Office sent Appellant a notice of the rejection, Appellant did not file a corrected affidavit until December 8, 2014, which was 210 days after the last work performed and thus, was untimely. 2/6/18 J.E. As to Eric Petroleum, the trial court also indicated the affidavit of mechanic's lien was invalid because it referred to Eric Petroleum as Epic Petroleum. 2/6/18 J.E. That reason alone was sufficient to dismiss Eric Petroleum from the foreclosure action. 2/6/18 J.E. Therefore, as to Appellees and Eric Petroleum, the trial court dismissed the second amended complaint with prejudice and found there was no just reason for delay. 2/6/18 J.E.
{¶ 10} Thereafter, Appellant dismissed all claims against RKJ Enterprises LLC without prejudice. 3/5/18 Notice of Partial Dismissal. The following day, Appellant filed a notice of appeal from the trial court's February 6, 2018 ruling.
Assignment of Error
"The trial court mistakenly granted the Appellee's Motion to Dismiss the foreclosure claim on the grounds that the mechanics' lien was invalid."
{¶ 11} The trial court granted Appellee's motion to dismiss for failure to state a claim upon which relief could be granted. A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint.
*1282 State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. , 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. Mitchell v. Lawson Milk Co. , 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Attachments to the complaint are considered part of the complaint for all purposes. Mavroudis v. Ohio Dept. of Rehab. & Correction , 10th Dist. No. 17AP-430, 2017-Ohio-8649, 2017 WL 5593769, ¶ 8, citing Civ.R. 10(C). Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Perrysburg Twp. v. Rossford , 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.
{¶ 12} The issue in this case is what the word "file" means in the context of R.C. 1311.06 and R.C. 1311.021. R.C. 1311.021 specifically governs liens upon gas and oil wells. It states:
Every person who performs any labor or work upon or furnishes material for digging, drilling, boring, operating, completing, or repairing, any well drilled or constructed for the production of oil or gas or any injection well which furthers the production of oil and gas or which disposes of waste products generated by oil and gas operations, or for altering, repairing, or constructing any oil derrick, oil tank, or leasehold production pipe line by virtue of a contract, express or implied, with the owner or part owner, or the owner's or part owner's authorized agent, of any oil and gas lease or leasehold estate or, in the event there is no lease or estate, any mineral estate, and every subcontractor, laborer, and material supplier who performs any labor or work or furnishes material to an original contractor or any subcontractor, in carrying forward, performing, or completing the contract, has a lien to secure the payment thereof upon the oil and gas lease or leasehold estate or, in the event there is no lease or estate, any mineral estate, the oil or gas produced therefrom and the proceeds thereof, and upon all material located thereon or used in connection therewith.
R.C. 1311.021(A).
R.C. 1311.06 indicates the procedure to secure a lien:
(A) Any person, or the person's agent, who wishes to avail self of sections 1311.01 to 1311.22 of the Revised Code, shall make and file for record in the office of the county recorder in the counties in which the improved property is located, an affidavit showing the amount due over and above all legal setoffs, a description of the property to be charged with the lien, the name and address of the person to or for whom the labor or work was performed or material was furnished, the name of the owner, part owner, or lessee, if known, the name and address of the lien claimant, and the first and last dates that the lien claimant performed any labor or work or furnished any material to the improvement giving rise to the claimant's lien. If the affidavit is recorded, the omission or inaccuracy of any address in the affidavit does not affect its validity. The affidavit may be verified before any person authorized to administer oaths, whether agent for the owner, part owner, lessee, lien claimant, or an interested or other party.
R.C. 1311.06(A).
{¶ 13} The affidavit is required to be filed for record within 120 days from the date the last labor or work was performed. R.C. 1311.06(B)(2) (setting forth the time period for the lien arising under R.C. 1311.021 ).
{¶ 14} Appellant contends the foreclosure claim on the mechanic's lien survives the Civ.R. 12(B)(6) motion because the *1283 face of the complaint indicated it caused the affidavit to be delivered to the Carroll County Recorder's Office within 120 days of the last date worked. It argues that constitutes filing the affidavit pursuant to R.C. 1311.06 and R.C.1311.021. Appellant contends the issue of whether the affidavit complied with the statute is something that could be addressed upon remand. It contends the case should not have been dismissed so early.
{¶ 15} The focus is on the language in R.C. 1311.06(A)"file for record"; the statute states the person seeking a lien "shall make and file for record" an affidavit in the county recorder's office where the real property improved is located. Appellant contends recording and filing are two separate actions and the language of R.C. 1311.06 indicates as such.
{¶ 16} Appellant is correct that filing and recording are two separate things when it involves the recorder's office. For instance, R.C. 1311.06(E) states the recorder is to "indorse upon every affidavit the date and hour of its filing, and record it in the official records." The use of the words filing and record indicate they are two separate acts.
{¶ 17} Chapter 317 of the Revised Code, which governs the county recorder's offices also uses versions of the words "file" and "record" separately indicating they are two separate acts. R.C. 317.09(A)(1)(2) ("If a duplicate copy of a notice of a lien or a certificate of discharge or release of a lien is provided, the county recorder shall endorse on the copy the date and hour that the notice or certificate was received for filing and recording and shall return by copy. * * * When a notice of lien in favor of the United States is filed , the county recorder shall record the lien in the official records." (Emphasis added.) ); R.C. 317.111 (language indicating no instrument "shall be received for record or filing by the county recorder." (Emphasis added.) ); R.C. 317.112(B)(3) ("The notice that is imparted by the recording or filing of an instrument is not affected if the county recorder accepts an instrument for recording or filing that subsequently is found not to satisfy the requirements of division (A) of this section." (Emphasis added.) ). Recording statute R.C. 317.12 specifically appears to indicate that when a deed is accepted by the recorder's office it receives a file stamp date and file number and then when it is recorded it receives another file stamp date and more information about the official record where it is recorded:
Upon the presentation of a deed or other instrument of writing for record, the county recorder shall indorse thereon the date, the precise time of its presentation, and a file number. The file numbering shall be consecutive and in the order in which the instrument of writing is received for record, except financing statements, which may have a separate series of file numbers and may be filed separately, as provided by sections 1309.501 to 1309.527 of the Revised Code. The recorder shall, without fee, give to the person presenting such instrument a receipt naming the parties thereto and the date thereof. When a deed or other instrument is recorded, the county recorder shall indorse on it the time when recorded, and the number or letter and page of the official records in which it is recorded.
R.C. 317.12.
{¶ 18} Therefore, Appellant is correct that recording and filing are two separate acts.
{¶ 19} Appellant then argues filing equates with delivery; it asserts all it was required to do was to have the affidavit delivered to the recorder's office for the lien to be considered filed. That argument has no merit for two reasons.
*1284 {¶ 20} Appellant's position is an incorrect view of "filing." While R.C. Chapter 317 uses the words filing and recording, the words presentation and received are also used. Presentation and received as used in the statutes appear to be more akin to delivery. For instance, R.C. 317.12, as quoted above, uses the word presentation which appears to be delivery or receiving the document for filing and/or recording. R.C. 317.08(A) states, "The county recorder shall record all instruments in one general record series to be known as the 'official records.' The county recorder shall record in the official records all of the following instruments that are presented for recording, upon payment of the fees prescribed by law." (Emphasis added.) R.C. 317.13(A) indicates the county recorder "shall record the date and precise time the instrument was presented for record." R.C. 317.09(A)(1) states the recorder shall indicate the time and date the notice of federal lien or a certificate of discharge of a federal lien was "received." Consequently, one might conclude filing is more than delivery and if the statute meant delivery was all that was required the word presented or received would have been used.
{¶ 21} Moreover, the statutes make it clear that a county recorder has the discretion to reject instruments for filing or recording. R.C. 317.111 indicates an instrument will not be "received for record or filing by the county recorder" unless the name of the person that prepared the instrument is on the instrument and is legible. R.C. 317.112(B)(3) provides, "The notice that is imparted by recording or filing of an instrument is not affected if the county recorder accepts an instrument for recording or filing that subsequently is found not to satisfy the requirements of division (A) of this section." R.C. 317.082 states, "The county recorder shall not accept such a document for recording if it includes any individual's personal information." A provision in the recording data statute specifically indicates the recorder is permitted to refuse instruments for recording:
The county recorder may refuse to record an instrument of writing presented for recording if the instrument is not required or authorized by the Revised Code to be recorded or the county recorder has reasonable cause to believe the instrument is materially false or fraudulent. This division does not create a duty upon a recorder to inspect, evaluate, or investigate an instrument of writing that is presented for recording.
R.C. 317.13(B).
{¶ 22} In 1961, the Ohio Supreme Court addressed a county recorder's powers and found "in the performance of [a Recorder's] duties, he, as a ministerial officer, may exercise some discretion and is not absolutely required to accept, record and index every instrument presented to him." State ex rel. Preston v. Shaver , 172 Ohio St. 111, 114, 173 N.E.2d 758 (1961) (mandamus action finding the county recorder's office was not required to record instruments granting the state an easement), citing Chapter 317 of the Revised Code. In Preston , the recorder rejected the instrument. Id. The court of appeals found it was within the recorder's discretion to reject the instrument because the description of the easement conveyed was not sufficiently definite, accurate, and detailed. Id. The Ohio Supreme Court stated, given the record, it could not hold the court of appeals was wrong in its conclusion. Id.
{¶ 23} Thus, the statutes and case law indicate the county recorder has discretion in rejecting an instrument. In this instance, the record is clear the recorder rejected the instrument because it allegedly did not contain an accurate legal description. The letter rejecting the instrument is attached to the second amended complaint.
*1285 {¶ 24} R.C. 1311.06(A) mandates that the affidavit must give a description of the property to be charged. Division (D) states the description of the property is sufficient if it is made in accordance with R.C. 1311.04(B)(1). That provision indicates the affidavit must contain a "legal description of the real property." R.C. 1311.04(B)(1).
{¶ 25} Since R.C. 317.13 indicates a county recorder can refuse to record an instrument that is not authorized by the Revised Code or if the county recorder had reasonable cause to believe the instrument is "materially false," an incorrect legal description provides a basis for rejecting the instrument. Courts have indicated there is no valid lien if there is not a correct legal description. "An incorrect description of the property that is the subject of a mechanic's lien generally vitiates that lien." JJO Constr., Inc. v. Penrod , 8th Dist. No. 93230, 2010-Ohio-2601, 2010 WL 2333016, ¶ 17, quoting Internatl. Refractory Serv. Corp. v. Woodmen of the World Life Ins. Soc. , 68 Ohio App.3d 513, 516, 589 N.E.2d 79 (9th Dist.1990). If the party's affidavit did not contain all of the information required by statute, then the lien is not legally established. C.C. Constance & Sons v. Lay , 122 Ohio St. 468, 468-469, 172 N.E. 283 (1930).
{¶ 26} This court concludes, the Civ.R. 12(B)(6) motion was properly granted; "file for record" means more than mere delivery and the recorder was permitted to reject the instrument if it did not comply with the statute. This holding does not determine whether or not the recorder acted correctly in rejecting the instrument.
{¶ 27} Appellant does not specifically argue the recorder abused its discretion in rejecting the instrument; it maintains the document was filed because it was delivered to the recorder. However, the recorder's duty to accept the instrument may be intrinsically tied to the argument made by Appellant, and thus, we will address whether the trial court abused its discretion in rejecting the instrument.
{¶ 28} However, before addressing that issue, two things must be noted. First, if Appellant wanted to argue the recorder erred in rejecting the instrument, it could have availed itself of R.C. 317.13(C), which provides:
If a person presents an instrument of writing to the county recorder for recording and the county recorder, pursuant to division (B) of this section, refuses to record the instrument, the person has a cause of action for an order from the court of common pleas in the county that the county recorder serves, to require the county recorder to record the instrument. If the court determines that the instrument is required or authorized by the Revised Code to be recorded and is not materially false or fraudulent, it shall order the county recorder to record the instrument.
R.C. 317.13(C).
{¶ 29} Appellant did not file an action seeking to have the recorder accept and record the instrument, despite having notice of the rejection.
{¶ 30} Appellant also did not attempt to correct the alleged deficiencies in the affidavit within the prescribed time, even though Appellant had ample time to do so. Appellant had close to two months to add the information the recorder requested to the affidavit and this matter would have been resolved. Instead, Appellant waited approximately three months after the expiration of the 120 day time limit to file a corrected affidavit.
{¶ 31} Regardless, the recorder acted within its authority to reject the July 2014 affidavit. Attached to the second amended complaint was the purported affidavit Appellant attempted to file for record and the recorder's office rejection letter.
*1286 As previously stated, in determining whether the complaint failed to state a claim upon which relief could be granted, the attachments to the complaint can be considered. Mavroudis , 2017-Ohio-8649 at ¶ 8, citing Civ.R. 10(C). The letter rejecting the affidavit states the legal description of the property appears to be incorrect and the legal description was required to have the township name and number, range number, and section number. The rejected affidavit gave the following legal description:
Tract # 8, known as Tax Parcel # 12-00348.000, bounded substantially by lands now or formerly owned as follows:
On the North by: John C. Beadnell
On the East by: Merle Hull
On the South by: Johnny S. Kruprzak and Jay W. Meister and Merle Hull
On the West by: Brown Family Real Estate Partnership and more specifically described in that Deed dated 5-2-1972, located at Book 177, Page 861, and estimated to compromise 160 acres.
Second Amended Complaint, Exhibit B.
{¶ 32} The only difference between the rejected affidavit and the accepted affidavit is instead of "Tract # 8," the accepted affidavit states, "In the Township of Fox, County of Carroll, State of Ohio, located in Section 12, Township 13, Range 4."
{¶ 33} As aforementioned, R.C. 1311.06(A) mandates the affidavit must give a description of the property to be charged and division (D) indicates the description of the property is sufficient if it is made in accordance with R.C. 1311.04(B)(1). That provision states the affidavit must contain a "legal description of the real property." R.C. 1311.04(B)(1). It further provides, "For purposes of this division, a description sufficient to describe the real property for the purpose of conveyance, or contained in the instrument by which the owner, part owner, or lessee took title, is a legal description." R.C. 1311.04(B)(1).
{¶ 34} Case law does not indicate whether a legal description must contain the township name and number, range number, and section number. One place in the Revised Code where "legal description" is defined is in R.C. 5313.01(E), which states, " 'Legal description' means a description of the property by metes and bounds or lot numbers of a recorded plat including a description of any portion of the property subject to an easement or reservation, if any."
{¶ 35} It seems logical that an accurate legal description must contain the township name and number, range number, and section number to be considered an accurate legal description. The description in the first affidavit only gives a tract number and tax parcel number. That appears to be an inaccurate/incorrect description, which is exactly the stated reason for rejection. Thus, the recorder's office appropriately exercised its discretion in rejecting the affidavit.
Conclusion
{¶ 36} For the reasons stated above, this court concludes "file for record" does not mean simply delivery, it requires more. The recorder was not required to accept the instrument, and the recorder acted within its discretion to reject the instrument because it did not contain an accurate legal description. Thus, the affidavit did not comply with the mechanic's lien statutes. The assignment of error is meritless and the trial court's decision is affirmed.
Waite, J., concurs.
Bartlett, J., concurs.