[Cite as *State v. Mavroudis*, 2016-Ohio-894.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 MA 0146 |
| VS. | ) | |
| | ) | OPINION |
| DANIEL MAVROUDIS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 2013 CR 1325

JUDGMENT:          Reversed and remanded.

APPEARANCES:
For Plaintiff-Appellee          Attorney Paul Gains
Mahoning County Prosecutor
Attorney Ralph Rivera
Assistant Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant          Attorney Edward Czopur
42 North Phelps Street
Youngstown, Ohio 44503

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: March 4, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, Daniel Mavroudis, appeals the July 9, 2015 judgment of the Mahoning County Court of Common Pleas in which he was sentenced to two years of prison for what the trial court referred to as a probation violation of a previously imposed community control sanction. On appeal, Mavroudis asserts that the trial court erred in sentencing him to two years incarceration. The State concedes error. For the following reasons, the judgment of the trial court is reversed and the case remanded with instructions to the trial court to vacate Mavroudis' sentence and issue an order discharging him from prison.

{¶2} On May 1, 2014, Mavroudis pled guilty to Receiving Stolen Property, R.C. 2913.51(A)(C), and Breaking and Entering, R.C. 2911.13(A)(C), both fifth degree felonies. Pursuant to a Rule 11 agreement the State agreed to stand silent regarding a sentence recommendation.

{¶3} At the May 22, 2014 sentencing hearing, the trial court initially sentenced Mavroudis to one year on the receiving stolen property count and one year on the breaking and entering count, to be served consecutively, for a total two-year term of incarceration. The trial court then concluded the proceedings. For reasons not apparent from the record, approximately 10 minutes later the trial court went back on the record and recalled the case for a continuation of the sentencing hearing. The court subsequently suspended the imposition of the sentence that was previously given. The trial court placed Mavroudis on two years of community control and also ordered him to serve five consecutive weekends in the Mahoning County Jail.

{¶4} The May 27, 2014 sentencing entry did not accurately relay the sentence that had been imposed by the trial court during the hearing. Although Mavroudis was placed on community control during the hearing, the judgment entry makes no mention of it. Further, the trial court noted in the entry that the one year term on the receiving count was ordered concurrent to the breaking and entering count as opposed to consecutive which the court had ordered at the sentencing hearing. Contradictorily, the trial court suspended those sentences and ordered

Mavroudis to serve five consecutive weekends in the county jail.

{¶5} On July 2, 2015, Mavroudis stipulated to a probation violation. At the probation violation hearing the prosecutor stated that the trial court ordered the two previously suspended prison terms to be served consecutively, not concurrently as the entry stated. The State asked the trial court to issue a nunc pro tunc entry to correct this error. When the trial court asked whether the original sentencing judge made the appropriate consecutive sentencing findings, the prosecutor stated he believed so.

{¶6} The trial court made no findings relative to consecutive sentences at either the May 2014 hearing or the July 2015 hearing. The trial court's July sentencing entry made the finding that Mavroudis had been previously sentenced to a two year community control sanction and that he stipulated to the violation. The entry then imposed a twelve month prison term for each count to be served consecutively, followed by an optional period of three years of post-release control.

{¶7} This timely appeal followed. The State concedes error and contends the original sentence imposed in May of 2014 is void, but requests remand for a de novo resentencing hearing.

{¶8} Mavroudis asserts in his three assignments of error:

The trial court failed to specifically advise Appellant of the sentence that he would face if he violated the terms of community control thereby depriving itself of the ability to later impose a prison term and making void the probation violation sentence.

Appellant was denied due process of law as the trial court was without jurisdiction to issue a nunc pro tunc order relative to a hearing that it did not conduct and on an issue that is not a clerical mistake thereby invalidating the consecutive nature of Appellant's sentence.

The sentence imposed against Appellant was in violation of

2929.14(C)(4), contrary to law and an abuse of discretion as the trial court did not make the necessary findings before imposing consecutive sentences.

**{¶9}** This Court is currently split as to the standard of review to apply in felony sentencing cases. See *State v. Hill*, 7th Dist. No. 13 MA 1, 2014–Ohio–919, which applied the two-part test set forth in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, and *State v. Wellington*, 7th Dist. No. 14 MA 115, 2015–Ohio–1359, which applied R.C. 2953.08(G) and limiting appellate review of felony sentences to determining whether they are clearly and convincingly contrary to law. The issue is currently before the Ohio Supreme Court. *State v. Marcum*, 141 Ohio St.3d 1453, 2015–Ohio–239, 23 N.E.3d 1453. Regardless of which standard of review is applied here, the outcome is the same.

**{¶10}** In *State v. Brooks,* 103 Ohio St.3d 134, 2004–Ohio–4746, 814 N.E.2d 837, the Supreme Court of Ohio held that where a community control sanction is imposed the trial court "must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *Id.* at paragraph two of the syllabus. This notification must also be contained in the sentencing entry. *State v. Grega,* 8th Dist. No. 103508, 2016–Ohio–222, ¶12 (internal citations omitted). When no notice is given of the potential prison term if community control sanctions are violated, a prison term may not be imposed for violation of the conditions. *Brooks* at ¶ 8.

**{¶11}** Here, the trial court's original sentencing entry imposed a one year prison term on each count to be served concurrently, with those sentences suspended. There was no language placing Mavroudis on community control nor indicating a specific term of incarceration should Mavroudis violate community control.

**{¶12}** In *Grega* the defendant had not been given an advisement that he would be subject to incarceration should he violate community control sanctions.

*Grega* at ¶ 8. The State conceded error. As a result, the Eighth District held that the trial court could not impose any further community control sanctions, reversed the trial court, vacated Grega's sentence, and discharged him.

**{¶13}** Such is the case here. "It is well established that a court speaks through its journal entries." *State v. Hottenstein,* 2d Dist. No. 2014-CA-113, 2015–Ohio–4787, ¶27. "Neither the parties nor a reviewing court should have to review the trial court record to determine the court's intentions. Rather, the entry must reflect the trial court's action in clear and succinct terms." *Id.* citing *Infinite Security Solutions, L.L.C. v. Karam Properties, II, Ltd.,* 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, at ¶ 29. Although Mavroudis was placed on community control during the hearing, the trial court failed to advise Mavroudis of the consequences if he violated community control; moreover, the sentencing entry makes no mention of community control. Thus the trial court erred in imposing a prison term for Mavroudis' community control violation.

**{¶14}** Accordingly, consistent with the relief the Eighth District granted the defendant in *Grega*, the judgment of the trial court is reversed and the case remanded with instructions to the trial court to vacate Mavroudis' sentence and issue an order discharging him from prison.

Donofrio, P. J., concurs.

Robb, J., concurs.