[Cite as *Mavroudis v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-8649.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Daniel Mavroudis, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 17AP-430 |
| v. | : | (Ct. of Cl. No. 2017-00138) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on November 21, 2017

**On brief:** *Rhys B. Cartwright-Jones,* for appellant. **Argued:** *Rhys B. Cartwright-Jones.*

**On brief:** *Michael DeWine*, Attorney General, and *Christopher P. Conomy*, for appellee. **Argued:** *Christopher P. Conomy.*

APPEAL from the Court of Claims of Ohio

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Daniel Mavroudis, appeals a May 17, 2017 judgment of the Court of Claims of Ohio dismissing his complaint for false imprisonment. Because we agree with the Court of Claims that Mavroudis failed to allege that his trial court sentencing entry was facially defective, we affirm the judgment of the Court of Claims dismissing his claim.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 8, 2017, Mavroudis filed a complaint against defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"), alleging he had been falsely imprisoned on an invalid judgment entry. (Feb. 8, 2017 Compl. in passim.) Specifically, Mavroudis alleged that, following a guilty plea in case No. 13CR-1325, the

Mahoning County Court of Common Pleas sentenced him to a total prison term of two years but purported to "suspend" the term and order him to serve five weekends in the county jail. *Id.* at ¶ 4-7. Despite the fact that the common pleas court never sentenced him to community control, the Mahoning County prosecutor's office filed for the finding of a probation violation against him in August 2014. *Id.* at ¶ 8. Following a probable cause hearing, in January 2015, the common pleas court found that there was probable cause for the violation and ordered Mavroudis held without bond until July 2015 when the court ordered him to serve the two years that had purportedly been "suspended." *Id.* at ¶ 9-10. On March 4, 2016, the Seventh District Court of Appeals found that the Mahoning County Court of Common Pleas had erred in imposing a prison term on Mavroudis and remanded the matter for an order discharging Mavroudis from prison. *State v. Mavroudis*, 7th Dist. No. 2015 MA 0146, 2016-Ohio-894, ¶ 13-14.

{¶ 3} The Seventh District's decision, which is attached in full to Mavroudis' complaint, includes a more detailed rendition of the facts as follows:

> On May 1, 2014, Mavroudis pled guilty to Receiving Stolen Property, R.C. 2913.51(A)(C), and Breaking and Entering, R.C. 2911.13(A)(C), both fifth degree felonies. Pursuant to a Rule 11 agreement the State agreed to stand silent regarding a sentence recommendation.
>
> At the May 22, 2014 sentencing hearing, the trial court initially sentenced Mavroudis to one year on the receiving stolen property count and one year on the breaking and entering count, to be served consecutively, for a total two-year term of incarceration. The trial court then concluded the proceedings. For reasons not apparent from the record, approximately 10 minutes later the trial court went back on the record and recalled the case for a continuation of the sentencing hearing. The court subsequently suspended the imposition of the sentence that was previously given. The trial court placed Mavroudis on two years of community control and also ordered him to serve five consecutive weekends in the Mahoning County Jail.
>
> The May 27, 2014 sentencing entry did not accurately relay the sentence that had been imposed by the trial court during the hearing. Although Mavroudis was placed on community control during the hearing, the judgment entry makes no mention of it. Further, the trial court noted in the entry that the one year term on the receiving count was ordered concurrent

> to the breaking and entering count as opposed to consecutive which the court had ordered at the sentencing hearing. Contradictorily, the trial court suspended those sentences and ordered Mavroudis to serve five consecutive weekends in the county jail.
>
> On July 2, 2015, Mavroudis stipulated to a probation violation. At the probation violation hearing the prosecutor stated that the trial court ordered the two previously suspended prison terms to be served consecutively, not concurrently as the entry stated. The State asked the trial court to issue a nunc pro tunc entry to correct this error. When the trial court asked whether the original sentencing judge made the appropriate consecutive sentencing findings, the prosecutor stated he believed so.
>
> The trial court made no findings relative to consecutive sentences at either the May 2014 hearing or the July 2015 hearing. The trial court's July sentencing entry made the finding that Mavroudis had been previously sentenced to a two year community control sanction and that he stipulated to the violation. The entry then imposed a twelve month prison term for each count to be served consecutively, followed by an optional period of three years of post-release control.

*Mavroudis* at ¶ 2-6.

{¶ 4} On February 28, 2017, ODRC moved to dismiss Mavroudis' complaint in the Court of Claims on the grounds that Mavroudis had not alleged that the trial court's order on which he was imprisoned was invalid on its face. (Feb. 28, 2017 Mot. to Dismiss.) Mavroudis responded with a memorandum in opposition and a request to amend the complaint to add the following allegation to paragraph 13 of the complaint:

> Mavroudis, on multiple occasions, presented the original "suspended sentence" sentencing entry to the ODRC to explain the error and the illegality of his sentence. Persons to whom he presented the original entry included all of his case workers and even the assistant warden.

(Mar. 17, 2017 Mot. to Amend at 1; Mar. 17, 2017 Memo. in Opp. to Dismissal.) ODRC responded in opposition to the motion to amend arguing that the amendment sought was futile. (Mar. 21, 2017 Memo. in Opp. to Amend at 1.) Specifically, ODRC argued that the fact that Mavroudis felt the need to show the first sentencing entry to employees of ODRC

demonstrated that the second entry was not invalid on its face; that is, that the problems with it could only be understood by reference to another document. *Id.* at 2-3.

{¶ 5}    The Court of Claims dismissed Mavroudis' case against ODRC on May 17, 2017 because, even taking into account his proposed supplementary allegation, he had failed to allege that the order on which he had been imprisoned was facially invalid. (May 17, 2017 Entry at 3-4.)

{¶ 6}    Mavroudis now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 7}    Mavroudis submits a single assignment of error:

> The trial court erred in dismissing Mavroudis' case because Mavroudis presented multiple showings of a prior invalid sentencing commitment to the ODRC.

## III.  DISCUSSION

{¶ 8}    A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992).  A trial court must presume all factual allegations contained in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 104 (8th Dist.1995), citing *Perez v. Cleveland*, 66 Ohio St.3d 397 (1993); *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988); *Phung v. Waste Mgt., Inc.*, 23 Ohio St.3d 100 (1986).  "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991).  Attachments to the complaint are considered part of the complaint for all purposes.  Civ.R. 10(C).  In reviewing a decision on a motion to dismiss for failure to state a claim, pursuant to Civ.R. 12(B)(6), an appellate court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9; *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶ 9}    We have previously set forth the availability of a false imprisonment action against ODRC as follows:

> False imprisonment occurs when a person confines another intentionally without lawful privilege and against his consent

> within a limited area for any appreciable time, however short. The state may be held liable for false imprisonment.
>
> An action for false imprisonment cannot be maintained, however, when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face. Thus, the state is immune from a common law claim of false imprisonment when the plaintiff was incarcerated pursuant to a facially-valid judgment or order, even if the facially-valid judgment or order is later determined to be void.

(Internal quotation marks and citations omitted.) *McKinney v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-960, 2010-Ohio-2323, ¶ 8-9; *accord McCuller v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-91, 2015-Ohio-3124, ¶ 10-11; *see also Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107 (1991), syllabus (false imprisonment actions are proper against the state when a prisoner is confined without legal justification); *Bradley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-506, 2007-Ohio-7150, ¶ 11 (false imprisonment actions, which are distinct from wrongful imprisonment actions, against the State cannot be maintained when the person was imprisoned pursuant to a facially valid order).

{¶ 10} Mavroudis did not attach any of the sentencing entries in his case to his complaint. Thus, the Court of Claims did not have (nor do we have) the opportunity to determine for ourselves whether the order in question was facially invalid. Instead, the Court of Claims properly relied (and so must we rely) on Mavroudis' allegations and the facts set forth in the Seventh District decision which he attached to his complaint. Civ.R. 10(C). Although the Court of Claims ultimately dismissed Mavroudis' motion to amend as moot, it is apparent that the Court of Claims considered the substance of Mavroudis' supplemental allegation. This we do as well.

{¶ 11} Nowhere in the materials discussed above does Mavroudis allege facts showing that the trial court's order incarcerating him was *facially* invalid. He alleges convincing reasons that it was invalid based on the procedural history of what transpired in his criminal case. That is, that he was never validly placed on community control and thus could not have violated community control and been imprisoned for the violation. To a court reviewing that history, it would have been apparent (as it evidently was to the Seventh District) that Mavroudis was being confined pursuant to a technically deficient

series of orders.  But ODRC is not a court and is not to be held liable for failing to divine from the procedural history of an inmate's case that what appears to be a facially valid order has defective roots that affect whether it should continue to hold a prisoner.  ODRC cannot and should not second-guess facially valid orders from the judiciary.

{¶ 12} Presuming all factual allegations contained in the complaint to be true and making all reasonable inferences in Mavroudis' favor, Mavroudis' complaint failed to state a claim on which relief could be granted.  Mavroudis' assignment of error is overruled.

## IV.  CONCLUSION

{¶ 13} As the Seventh District Court of Appeals recognized, Mavroudis' original sentencing entry was deeply flawed in several respects.  *Mavroudis* at ¶ 2-6.  Yet, according to the Seventh District's recitation of facts, these deficiencies are only apparent when the procedural history of the case, the sentencing transcript, and prior orders of the trial court are reviewed.  *Id.*  Though the order on which Mavroudis was imprisoned was void, Mavroudis did not allege that the voidness was apparent on the face of the order.  In the absence of that allegation, Mavroudis' complaint failed to state a claim against the State for false imprisonment.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

———————————